IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

YOUA VUE,

    Defendant.

Criminal No. 09-0048
**ELECTRONICALLY FILED**

### SUPPLEMENT TO MEMORANDUM ORDER [DOC. NO. 70] AS TO DEFENDANT'S SECOND MOTION TO WITHDRAW AS ATTORNEY [DOC. NO. 68]

**I. Background**

The Government brought this case against defendant, and charged him with one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §922 (g). This firearm was seized by the authorities pursuant to a search warrant for defendant's home. The search warrant was issued to a detective based upon his affidavit of probable cause. The detective's affidavit included statements whereby he claimed to have obtained information about the presence of the firearm from a proven reliable confidential informant.

The Office of the Federal Public Defender ("defense counsel") formally undertook the representation of defendant on February 17, 2009. Doc. No. 13. According to defense counsel, at the inception of its representation of defendant, there were no known conflicts. Doc. No. 56, ¶1. Subsequent to undertaking defendant's representation, defendant was granted a pretrial release, but he absconded, was ultimately apprehended, his bond was revoked, and he was incarcerated to await trial of this matter. Doc. Nos. 9-12, 16-22. From that point on, defense counsel filed nine motions to continue this case "to complete the investigation of the facts and law". Doc. nos. 29, 31, 33, 35, 37, 39, 41, 43, and 46, all at ¶3. This Court granted the first eight requests but on June 11, 2010,

denied the ninth request and set jury selection and the trial date for July 26, 2010. Doc. Nos. 47-48. Defendant remained incarcerated during his counsel's year-long investigation.

Defense counsel filed its first Motion to Withdraw as defense counsel on June 16, 2010. (Doc. No. 56). On June 17, 2010, this Court denied, without prejudice, said Motion. The Order specifically stated that said Motion was denied "to insure proper transition of case to counsel who will be able to try the case on schedule. It is further Ordered that substitute counsel be appointed forthwith. All scheduling orders remain in effect." Doc. No. 59. This Court supplemented this Order the following day, on June 18, 2010, stating, "In light of the government's Response [doc. no. 57] which indicates that the government does not intend to call the confidential informant as a witness in its case in chief, the Motion to Withdraw [doc. no. 56] is further denied because no conflict of interest currently exists." However, this Court further indicated in its June 18, 2010 supplemental Order that if a *Franks* hearing was deemed to be required, "then the Court will revisit the issue and adjust the date for the *Franks* hearing to fit the schedule of substitute counsel; however, the Court will not adjust the pretrial and trial schedules as a reasonable amount of time remains for trial preparation."[1]

Before this Court ruled upon defense counsel's request for a *Franks* hearing, on June 21, 2010, defense counsel filed a Second Motion to Withdraw as defense counsel, indicating that "[defense] counsel is faced with an actual conflict of interest that requires withdrawal from the case, regardless of how the court rules on [defendant]'s request for [a] *Franks* hearing, notwithstanding the government's stated intention not to call the confidential informant in its case and chief."

---

[1] Defense counsel sought a *Franks* hearing to explore whether the detective who prepared the affidavit of probable cause made misstatements as to his past use (and thus, reliance on) the confidential informant/prior client of the Federal Public Defender's Office.

On June 22, 2010, this Court entered an Order addressing all of defendant's outstanding pretrial motions,[2] and also addressed defense counsel's Second Motion to Withdraw at the end of its opinion. In the portion of its opinion addressing the Second Motion to Withdraw, the Court denied defense counsel's request, but did permit the Office of the Federal Public Defender to secure additional counsel for Defendant, should they so desire. Doc. No. 70, pp. 12-14. The Court will now elaborate on its decision in this regard.

## II. Analysis

In order for the Federal Public Defender's Office to have an actual conflict of interest, as claimed in the Second Motion to Withdraw, defense counsel:

> . . . must show two elements. First, he must demonstrate that some plausible alternative defense strategy or tactic might have been pursued. He need not show that the defense would necessarily have been successful if it had been used, but that it possessed sufficient substance to be a viable alternative. Second, he must establish that the alternative defense was inherently in conflict with or not undertaken due to the attorney's other loyalties or interests.

*United States v. Gambino*, 864 F.2d 1064, 1070 (3d Cir. 1988) *citing*, *United States v. Fahey*, 769 F.2d 829, 836 (1st Cir. 1985).

As to the first prong of the two-part *Gambino* test, defense counsel suggests that an investigation of the confidential informant, its former client, is a defense strategy or tactic. Defense counsel further indicates that the investigation cannot be pursued because of its prior representation of the confidential informant. Specifically, defense counsel asserts that "to provide competent legal representation to [defendant], defense counsel must independently investigate the confidential

---

[2] The Court specifically denied without prejudice as to further case developments defendant's request for a *Franks* hearing by concluding, *inter alia*, that the detective did not make any misstatements concerning his past use of, and reliance on, the confidential informant. Doc. No. 70.

3

informant/former client who purportedly provided the government with key information against [defendant]." Doc. No. 68, p 4. As to the second prong of the *Gambino* test, defense counsel suggests that "this plausible (and viable)" defense strategy "cannot be pursued because to do so would inherently conflict with other loyalties or interests." Doc. No. 68, p. 8.

Turning to the second prong of the *Gambino* test, defense counsel, as the petitioner in this matter, is required to "<u>establish</u>" that investigating the former client/confidential informant will inherently conflict with, or not be able to be undertaken, "due to the attorney's other loyalties or interests." *Gambino*, 864 F.2d at 1070 (emphasis added). Defense counsel has proffered nothing that would establish such a conflict, even though defense counsel's investigation is nearly a year old. To the contrary, defense counsel summarily concludes that investigating the former client (*i.e.* the confidential informant), inherently conflicts with its representation of defendant. In fact, defense counsel expresses, in a footnote, that they are under no obligation to say anything more. Doc. No. 68, p. 8, n. 3.

Under the facts of this case, this Court fails to see how investigating a former client can conflict with the defense of this defendant, who has been charged with one count of possession of a firearm by a convicted felon. Defense counsel has simply not supplied any adequate basis to establish why it cannot conduct an investigation of its former client.

To be clear, this Court is not requesting that defense counsel breach its ethical obligation under Pa.R.Prof.Conduct 1.9 by using or divulging any confidential information that it possesses on behalf of its former client to his or her disadvantage (unless that information has become generally known). However, in light of the fact that the Government has attested that it will not call the confidential informant as a witness in this case, and considering that the Government usually moves

4

for defense counsel's withdrawal if an actual – or even potential – conflict of interest exists, this Court is unpersuaded by defense counsel's argument and supporting case law that permitting withdrawal is in its incarcerated client's best interests.

By way of example, using one of the cases upon which defense counsel relies, in *United States v. Moscony*, 927 F2d 742 (3d Cir. 1991), the defendant was convicted of numerous offenses committed in the operation of his real estate business. The defendant's attorney had previously represented the defendant's employees. *Id*. at 747. The government planned to call the employees as witnesses at the defendant's trial. *Id*. The testimony of these employees was "central to the government's case," and the defendant's attorney found himself in a position where he could use the information obtained during his representation of the employees to cross-examine and possibly impeach them during the defendant's trial. *Id*. at 748, 750.

Unlike *Moscony* and as noted above, in this case, the government's counsel has attested that the confidential informant is not going to be called to testify. Doc. No. 57. Therefore, defense counsel will not be placed in the position of needing use any information it may presently possess with regard to its former client which could be used attack his or her credibility on cross-examination, because s/he is not being called in the Government's case-in-chief.

In addition, defense counsel repeatedly notes that the confidential informant is a <u>former</u> client. This distinguishes this situation from the one present in *Moscony*, where the multiple representation by the attorney occurred simultaneously.

Moreover as noted in *Gambino*:

It seems clear that the existence of an actual conflict and adverse effects from it are more likely to be evident in cases in which an attorney takes positive steps on behalf of one client prejudicial to another than in cases in which the attorney's actions are

5

based on inaction and are passive, as is charged here. Thus, if an attorney jointly represents in one trial two defendants claiming innocence, his conflict in arguing that one should be acquitted because the other is guilty is obvious. On the other hand, an attorney presenting a stronger defense for one client than another might well be free of conflict. Overall, conflicts problems are more likely to arise in cases involving joint representation in a single proceeding rather than multiple representation in which the attorney represents different clients in different matters, the situation here. *See United States v. Fahey*, 769 F.2d 829, 834 (1st Cir. 1985).

*Id.,* 864 F.2d at 1070.

### III. Conclusion

In sum, and in addition to the reasons set forth in this Court's Order dated June 22, 2010, (Doc. No. 70), this Court finds that defense counsel's prior representation of the confidential informant does not pose an "actual conflict of interest" (using defense counsel's own words, at Doc. No. 68, p. 3, ¶7) under *Gambino* and its progeny, based on the current record.

**SO ORDERED** this 23rd day of June, 2010.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties